Filed 4/27/22  P. v. Dignan CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LYNN BEDRIJO DIGNAN,<br><br>Defendant and Appellant. | F081229, F081232<br><br>(Super. Ct. Nos. 19CMS2858, 18CM4785)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Michael J. Reinhart, Judge.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill, F. Matt Chen and Catherine Tennant Nieto, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Detjen, Acting P. J., Meehan, J. and Snauffer, J.

Appointed counsel for defendant Lynn Bedrijo Dignan asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of her right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND

On August 17, 2018, in case No. 18CM4785 (4785), during a probation search of a probationer's residence where defendant was staying, officers searched defendant's bag and found syringes containing a clear liquid, plastic zip bags containing methamphetamine, and a digital scale. Defendant admitted she injected methamphetamine.

On September 11, 2018, in case No. 4785, the Kings County District Attorney charged defendant with possession of methamphetamine for sale (Health & Saf. Code, § 11378;[1] count 1) and misdemeanor possession of drug paraphernalia (§ 11364, subd. (a); count 2). The complaint further alleged defendant had suffered a prior "strike" conviction within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On February 5, 2019, defendant pled no contest to count 1 in exchange for six months' probation, which the trial court subsequently granted on March 7, 2019.

On April 29, 2019, in case No. 19CMS2858 (2858), officers conducted a traffic stop of defendant. When they searched her purse, they found syringes containing a clear liquid, plastic zip bags containing methamphetamine, hundreds of empty zip bags, an electronic scale, and a notebook with names and dollar amounts of $10 and $15. Officers arrested defendant and transported her to the county jail for possession of

---

[1]     All statutory references are to the Health and Safety Code unless otherwise noted.

methamphetamine. As she entered the jail, defendant passed by a posted sign that plainly stated it was a felony to bring drugs into the jail. A search of defendant's person at the jail produced 36 grams of methamphetamine, which was then provided to the officers.

On June 19, 2019, the Kings County District Attorney filed a complaint in case No. 2858, followed by an information, charging defendant with bringing contraband into the jail (Pen. Code, § 4573, subd. (a); count 1), possession of methamphetamine for sale (§ 11378; count 2), sale or transportation of methamphetamine (§ 11379, subd. (a); count 3), possession of heroin for sale (§ 11351; count 4), and sale or transportation of heroin (§ 11352, subd. (a); count 5). The information further alleged defendant had suffered a prior strike conviction within the meaning of the Three Strikes law. Based on the new offenses, the trial court revoked defendant's probation in case No. 4785.

On September 16, 2019, defendant filed a motion to suppress the evidence found during the search of her bag. The People filed an opposition, and the trial court denied the motion.

On January 10, 2020, defendant admitted the violation of probation and accepted a plea offer in both cases. In case No. 2858, she pled guilty to counts 1 and 2 and admitted the prior strike conviction in exchange for a four-year sentence. In case No. 4785, she pled guilty to count 1 in exchange for an eight-month sentence.

On February 11, 2020, defendant filed a motion to withdraw the plea on the ground that, at the time of the plea, she did not understand she would be waiving her right to challenge her prior strike allegation.

On March 11, 2020, the trial court denied the motion, then sentenced defendant to the agreed-upon sentence of four years eight months, as follows: In case No. 2858, on count 1, the lower term of four years (two years, doubled pursuant to the Three Strikes law) and on count 2, the same term, to be served concurrently; in case No. 4785, on count 1, eight consecutive months (one-third the midterm).

3.

Defendant filed a timely notice of appeal listing both cases. The trial court denied defendant's request for a certificate of probable cause. On January 29, 2021, we ordered the cases consolidated.

## DISCUSSION

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.